IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                         No.  3:05CV00125 GTE

RUTHIE P. WOOD and SAM WOOD,
Deceased                                                              DEFENDANTS

**JUDGMENT**

Defendant Ruthie Lee P. Wood, after having been properly served, filed her answer on September 30, 2005, by and through her Guardian Ad Litem Attorney, A. Jan Thomas, and by his signature, consents to entry of this in rem Judgment.

IT IS THEREFORE, ORDERED and ADJUDGED:

1.	The Court has jurisdiction over the parties and over the subject matter of this cause of action.

2.	Defendant, Ruthie Lee P. Wood, is in default on her obligation to plaintiff and is indebted to the United States of America, U.S. Department of Agriculture, Farm Service Agency, in the principal sum of $75,477.04, interest in the sum of $130,617.27 accrued through March 22, 2005, and thereafter at the daily rate of $17.7967, to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961, advances and recoverable charges, plus any additional advances and recoverable charges made during the pendency of this action for taxes, protection and maintenance of the subject property, and the costs of this action. Plaintiff, United States of America, U.S. Department of Agriculture, Farm Service Agency, is hereby awarded judgment in rem against the property described herein for the above mentioned sums.  No personal judgment having been requested, none is rendered.

   3. The above-described indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Farm Service Agency, is secured by mortgages recorded in the records of the Circuit Clerk and Recorder for Crittenden County, Arkansas, on October 3, 1986, May 6, 1981, March 12, 1982, May 20, 1983, May 9, 1984, and April 26, 1985.  Plaintiff's mortgages constitute a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of all of the defendants herein, and each of them, and all person claiming by and through them, in and to the following described property in Crittenden County, Arkansas:

**Tract I:  The SW¼ NW¼ of Section 17, Township 8 North, Range 7 East, Crittenden County, Arkansas.**

**Tract II:  Lots 28 and 29, Block 11, Sunset Subdivision to the City of Marion, Arkansas, as recorded in Plat Book 2 at Page 65 in the records of Crittenden County, Arkansas.**

together with all improvements and appurtenances thereon.

   4. If the above-described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the South front door of the Crittenden County Courthouse, Marion, Arkansas.  The date and time of such sale shall be fixed by the Marshal.  If purchased on credit, the purchase price shall be secured by one of the following methods at the purchaser's option:  furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% down payment.  The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal.  The 10% cash down payment shall be forfeited in the event of failure to pay for

the property within 60 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. Section 2002, and shall forthwith report the result of the sale to the Court.

5. Upon the sale of the above-described real property, all right, title, claim, interest, estate, equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all of the defendants herein, and each of them, and all persons claiming by or through them, in and to said property and every part thereof, shall from that date be foreclosed and forever barred.

6. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

7. The sale proceeds, after expenses of sale, shall be paid first to the plaintiff United States of America, U.S. Department of Agriculture, Farm Service Agency, to the extent of the indebtedness owed to it. Any surplus shall be retained in the registry of the Court subject to further orders of the Court.

8. The court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED:__November 1, 2005____          /s/Garnett Thomas Eisele
                                      UNITED STATES DISTRICT JUDGE

Approved By:

*/s/ Gwendolyn D. Hodge*

Gwendolyn D. Hodge
Assistant U. S. Attorney
P. O. Box 1229
Little Rock, Arkansas  72203

*/s/ A. Jan Thomas, Jr.*

A. Jan Thomas, Jr.
Guardian Ad Litem for Ruthie P. Wood
306 West Bond Avenue
West Memphis, AR 72301